Michael J. Watton, Esq. -Utah Bar No. 15806
Attorney for Plaintiffs
Watton Law Group
405 South Main Street
Suite 875
Salt Lake City, Utah 84111
mwatton@wattongroup.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CHASE HIATT, *an individual on behalf of himself and all others similarly situated,*<br><br>PLAINTIFF,<br><br>V.<br><br>BRIGHAM YOUNG UNIVERSITY *(a Utah Corporation),*<br><br>DEFENDANT. | **COMPLAINT**<br><br>Civil No.: 4:20-CV-00085-DN<br><br>**PROPOSED CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Chase Hiatt ("Plaintiff"), by and through the undersigned counsel, brings this class action against Defendant Brigham Young University ("BYU," the "University," or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

1

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend BYU for in person, hands-on educational services and experiences during the semesters or terms affected by Coronavirus Disease 2019 ("COVID-19"), including the Winter 2020 semester and Summer 2020 term or semester, and had their course work moved to online only learning.

2. Such individuals paid all or part of the tuition for an average semester that was between $2,895 and $5,970 for undergraduate students, and mandatory fees for each semester including fees that are listed on BYU's website at https://finserve.byu.edu/class-fees ("Mandatory Fees").

3. BYU has not refunded any amount of the tuition or any of the Mandatory Fees, even though it has implemented online distance learning starting in or around March 13, 2020.

4. Because of the University's response to the COVID-19 pandemic, on or about March 13, 2020, the University also stopped providing any of the services or facilities the Mandatory Fees were intended to cover.

5. The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 13, 2020 is a breach of the contracts and breach of the covenant of good faith and fair dealing

between the University and Plaintiffs and the members of the Class and is unjust.

6. In short, Plaintiffs and the members of the Class have paid for tuition for a first-rate education and an on-campus, in person educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which alternative constitutes a breach of the contracts entered into by Plaintiffs and the Class with the University.

7. As to the Mandatory Fees, Plaintiffs and the Class have paid fees for services and facilities which are simply not being provided; this failure also constitutes a breach of the contracts entered into by Plaintiffs and the Class with the University.

8. Plaintiffs seeks, for themselves and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time in the respective semesters when the University closed and switched to online only learning.

9. Plaintiffs seek for themselves and Class members protections including injunctive and declaratory relief protecting Class Members for paying the full cost of tuition and fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences Defendants can actually safely provide.

## PARTIES

10.    Plaintiff Chase Hiatt was an undergraduate student during the Winter 2020 and Spring 2020 semesters and is enrolled for classes in the Fall 2020 with an expected graduation date of June 2021. For the Winter 2020, BYU charged Plaintiff approximately $2,895 in tuition and fees and for Spring 2020, BYU charged Plaintiff Hiatt approximately $1,200. Additionally, Defendant charged and the Named Plaintiff is expected to pay similar tuition and fees for the Fall 2020 semester.

11.    Plaintiff Hiatt is a resident of Bountiful, Utah.

12.    Plaintiff Hiatt paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services. Plaintiff Hiatt has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, or the Mandatory Fee he paid after the University's facilities were closed and events were cancelled.

13.    Defendant BYU is a private university in Provo, Utah. BYU is a domestic Utah non-profit corporation. BYU was founded in 1875, is owned by The Church of Jesus Christ of Latter-day Saints, and is run by its parent-organization the Church Educational System. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs.

14.    Defendant's undergraduate and graduate programs includes students

from many, if not all, of the states in the country. More than two-thirds of students (the punitive class) do not reside in Utah. BYU's principal campus is located in Provo, Utah. Defendant is a citizen of Utah.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which one or more of the other Class members are citizens of a State different from the Defendant.

16. This Court has personal jurisdiction over Defendant because it resides in this District.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

## FACTUAL ALLEGATIONS.

18. Plaintiffs and Class Members paid to attend BYU's Winter and Spring 2020 semesters including tuition and the Mandatory Fees. The Winter 2020 semester at the University began on or about January 6, 2020 and ended on April 15, 2020. The Spring 2020 semester started on April 28, 2020 and ended on or around

June 15, 2020.

19. Tuition at the University for the Winter and Spring 2020 semesters were approximately $2,800 to $5,900 for undergraduate students, and ranged from $430 to $860 per credit hour for graduate students.

20. Plaintiffs and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the semesters.

21. On March 12, 2020, the University announced that starting on March 13, all in-person classes were to be moved online beginning on March 18.

22. Throughout March 2020, the University made public announcements adjusting educational services and opportunities that affected Plaintiffs.

23. The University has not held any in-person classes since March 13, 2020 for undergraduate students. All classes since March 13, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

24. Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to University health and wellness facilities, programs or services; fitness facilities; student events or sports; and an in-person commencement.

25. BYU has not provided reimbursement or refund information regarding

tuition or the Mandatory Fees.

26. Students attending BYU's Winter 2020, Spring 2020, Summer 2020 and Fall 2020 semesters did not choose to attend an online only institution of higher learning, but instead chose to enroll in the University's in-person educational programs – with the understanding that BYU would provide in person educational opportunities, services, and experiences.

27. On its website, BYU markets the University's on-campus experience and opportunities as a benefit to students.

28. The online learning options being offered to BYU's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiffs and the members of the Class once was. During the online portion of the Winter, Spring, and Summer 2020 semesters, BYU principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students and among students that is instrumental in educational development and instruction.

29. The online formats being used by BYU do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking

7

exams. Further, the ability to receive a Pass/No Pass grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

30. Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

31. Access to facilities such as libraries, laboratories, computer labs, and study rooms, are integral to a college education.

32. Access to activities offered by campus life fosters intellectual and academic development and independence, and networking for future careers.

33. BYU priced the tuition and Mandatory fees based on the in person educational services, opportunities and experiences it was providing on campus.

34. The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters affected by Covid-19.

35. The University has not refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

36. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fee they paid for the Spring 2020 semester for

the remaining days of that semester after classes moved from in-person to online and facilities were closed.

37. Defendant's practice of failing to provide reimbursements for tuition and Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees, as alleged herein, violates generally accepted principles of business conduct.

## CLASS ACTION ALLEGATIONS

38. Plaintiffs brings this case individually and, pursuant to Fed. R. Civ. P. 23, on behalf of the class defined as:

> All persons who paid tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Winter 2020, Spring 2020, Summer 2020, or any other semester affected by Covid-19 at BYU but had their class(es) moved to online learning (the "Class").

39. Plaintiffs reserves the right to modify or amend the definition of the proposed Classes if necessary before this Court determines whether certification is appropriate.

40. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Fed. R. Civ. P. 23 and other statutes and case law regarding class action litigation in the Federal Court.

41. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the

University has reported that an aggregate of 33,000 or more undergraduate and graduate students were enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

42. The questions here are ones of common or general interest such that there is a well-defined community of interest among the class members. These questions predominate over questions that may affect only individual members of the classes because BYU has acted on grounds generally applicable to the classes. Such common legal or factual questions include, but are not limited to:

    a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by Covid-19;

    b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

    c. Whether Defendant breached its contracts with Plaintiff and the Class

    by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

  d. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

  e. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

  f. Whether it is unjust for BYU to keep funds it collected in advance for services it ultimately did not render;

  g. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

43. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiffs and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that the University stopped providing in mid-March.

11

44. Plaintiff is a more than adequate class representative. In particular:

   a) Plaintiff is committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

   b) because his interests do not conflict with the interests of the other Class members who he seeks to represent;

   c) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

   d) Plaintiff's legal counsel has the experience as counsel in large class action cases, as well as the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

45. Class members' interests will be fairly and adequately protected by Plaintiff and their counsel.

46. It is impracticable to bring members of the Classes individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh

any difficulties that may arise in the management of this class action. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

47.     Plaintiff believes it is proper to proceed under Fed. R. Civ. P. 23(b)(1)-(b)(3).

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiffs and the Class)

48.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 45 above.

49. Plaintiff brings this claim individually and on behalf of the members of the Class.

50. By paying the University tuition and the Mandatory Fees for the Winter, Spring, and Summer 2020 semesters, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory fees they paid pertained throughout those semesters. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

51. BYU has held that its in-person educational opportunities, experiences, and services are of substantial value.

52. BYU has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

53. BYU has promoted its in-person educational services as being valuable to students' educational experiences and their develop.

54. In marketing materials and other documents provided to the Named Plaintiff, Defendants promoted the value of the in-person education experiences, opportunities, and services that Defendants provided.

55. Defendants provided Plaintiffs with an acceptance letter that the Named Plaintiff accepted based on the promise of in-person educational experiences,

14

opportunities, and services that Defendants would provide.

56. The University has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters affected by Covid-19, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during these semesters.

57. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

58. Plaintiffs and members of the putative Classes have performed all of the obligations on them pursuant to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

59. Plaintiffs and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid during the portion of time the semesters affected by Covid-19 in which in-person classes were discontinued and facilities were closed by the University.

60. The University should return such portions of the tuition and Mandatory Fee to Plaintiffs and each Class Member.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
### (On Behalf of Plaintiffs and the Class)

61. Plaintiffs incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 59 above.

62. By paying the University tuition and the Mandatory Fees for the Winter, Spring, Summer semesters, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those affected semesters.

63. Defendants have retained the benefits of the amount of tuition and fees that Plaintiffs have provided – without providing the benefits that Plaintiffs are owed.

64. For example, Defendants failed to provide Plaintiff and Class Members access to any on-campus facility after March 13, 2020. Yet Defendants assessed Plaintiffs with tuition and fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

65. Plaintiffs were not able to access such facilities or services remotely.

66. Plaintiffs paid tuition and fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences

16

that BYU have previously marketed, promoted, or made available prior to Covid-19.

67. Defendants have been unjustly enriched by Plaintiffs' payment of tuition and fees.

68. Despite not being able to provide such services, BYU failed to provide reimbursements for tuition and fees despite the diminished value of the education and other experiences that it provided and the reduced benefits associated with the fees.

69. Plaintiffs and members of the putative Classes have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

70. It is unjust for Defendant to keep funds it charged and collected in advance for promised services the University ultimately did not render.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in favor of Plaintiffs and the Class against Defendant as follows:

    (a) For an order certifying the Class under the Fed. R. Civ. P. and naming Plaintiffs as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

.
.

(b)     For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For an order awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(g)     For an order awarding pre- and post-judgment interest on any amounts awarded; and,

(h)     For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

# **DEMAND FOR TRIAL BY JURY**

Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

Dated: Aug. 5, 2020                                    Respectfully submitted,


/s/ Michael J. Watton
Michael J. Watton, Esq.
Utah Bar No. 15806
**WATTON LAW GROUP**
405 South Main Street, Suite 875
Salt Lake City, Utah 84111
801-363-0130
mwatton@wattongroup.com

Jeffrey K. Brown, Esq. *(To apply Pro Hac Vice)*
Michael Tompkins, Esq. *(To apply Pro Hac Vice)*
Brett R. Cohen, Esq. *(To apply Pro Hac Vice)*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

Jason P. Sultzer, Esq. *(To apply Pro Hac Vice)*
Jeremy Francis, Esq. *(To apply Pro Hac Vice)*

19

**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Counsel for Plaintiffs and Proposed Class*