Michael J. Watton, Esq.
Utah Bar No. 15806
**WATTON LAW GROUP**
311 South State Street
Suite 280
Salt Lake City, Utah 84111
Tel. (801) 363-0130
mwatton@wattongroup.com

Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel. (516) 873-9550
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

Jeremy Francis, Esq.
**THE SULTZER LAW GROUP, P.C.**
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel. (845) 483-7100
francisj@thesultzerlawgroup.com

Edward Ciolko, Esq.
**CARLSON LYNCH**
1133 Penn Avenue, 5th Floor
Pittsburg, PA 15222
Tel. (412) 322-9243
eciolko@carlsonlynch.com

*Attorneys for Plaintiff and Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSCOE EVANS, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY, a Utah corporation,<br><br>Defendant. | **PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE OVERLENGTH CLASS CERTIFICATION MOTION AND MEMORANDUM**<br><br>Case No. 1:20-cv-00100-TS-CMR<br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff, through his attorney of record, and pursuant to DUCivR 7-1 (e), hereby moves the Court for an order granting Plaintiff leave to file Class Certification Motion and Memorandum exceeding the page limitation set forth for Motions in DUCivR 7-1(a)(3). Plaintiff requests that

the ten-page (10) limit be extended up to twenty (20) pages.

Plaintiff requires an extension of the page limitation due to the complexity and significance of class certification motions and establishing the various elements require by Rule 23 of the Federal Rules of Civil Procedure. This case is particularly complex not only because of the nature of class actions, but also because of the effect on over 30,000 BYU students.

In this instance, Plaintiffs must analyze and establish the various elements of Rule 23(a) – numerosity, commonality, typicality and adequacy – as well as the predominance of the numerous common questions of fact and law over individual questions under Rule 23(b) in the context of contractual and unjust enrichment claims for damages.

As Plaintiff's counsel work on the class certification motion it has become apparent that more than ten pages of argument are needed to fully develop Plaintiff's arguments in this regard. Counsel will endeavor to keep the argument section of Plaintiff's memorandum as concise as they can, and in any event will not exceed 20 pages. Moreover, this request is not merely routine, as Plaintiff has not made such a request in this action in any other briefing filed to date.

Finally, Counsel for Defendant indicated they will not oppose this request.

For the foregoing reason, Plaintiff submits that good cause and exceptional circumstances exist for the filing of an overlength Class Certification Motion and Memorandum. Plaintiff therefor

respectfully requests that the Court enter the proposed order granting leave to file an overlength memorandum.

Respectfully submitted this 28th day of July, 2021.

/s/ Michael J. Watton
Michael J. Watton, Esq.
Utah Bar No. 15806
**WATTON LAW GROUP**
311 South State Street, Suite 280
Salt Lake City, Utah 84111
801-363-0130
mwatton@wattongroup.com
Attorney for Plaintiff

2