IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROSCOE EVANS, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY, a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO STAY BRIEFING ON DEFENDANT'S SUMMARY JUDGMENT MOTION<br><br><br>Case No. 1:20-CV-100-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Roscoe Evans' Renewed Motion to Stay Briefing on Defendant's Summary Judgment Motion. Plaintiff requests the Court to stay summary judgment until the parties complete merits-based discovery. For the reasons discussed below, the Court will grant the Motion and deny Defendant's Motion for Summary Judgment without prejudice.

I.     BACKGROUND

On February 19, 2021, Plaintiff filed an amended class action complaint against Brigham Young University ("BYU") asserting claims for breach of contract and unjust enrichment.[1] Plaintiff alleges that BYU failed to refund students for their Winter 2020 tuition and/or fees after it moved from in-person to online instruction during the COVID-19 pandemic.[2]

As the case proceeded, this Court ordered, at the parties' request, a bifurcated, two-phase discovery plan: the first phase would include pre-class certification discovery and the second

---

[1] Docket No. 35.

[2] *See id.*

phase would include all remaining merits-based discovery upon the Court rendering a decision on Plaintiff's Motion for Class Certification.[3]

The parties proceeded with pre-class certification discovery. On July 30, 2021, BYU filed a Motion for Summary Judgment on all claims due to Plaintiff's inability to establish damages and unjust enrichment.[4] Plaintiff filed his Motion for Class Certification on August 2, 2021.[5]

On August 17, 2021, Plaintiff filed a Motion to Stay briefing on BYU's Motion for Summary Judgment,[6] which the Court denied without prejudice on August 24, 2021.[7] The parties continued with briefing on class certification and summary judgment.

On September 29, 2021, Plaintiff filed a renewed Motion to Stay briefing on BYU's Motion for Summary Judgment claiming he needs additional time to complete merits-based and damages discovery in order to adequately respond.[8]

## II. LEGAL STANDARD

"[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition."[9] Rule 56(d) states "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment] the court may: defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take

---

[3] *See* Docket No. 47.
[4] Docket No. 50.
[5] Docket No. 56.
[6] Docket No. 62.
[7] Docket No. 74.
[8] Docket No. 83.
[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

discovery; or issue any other appropriate order."[10] "The affidavit need not contain evidentiary facts, [but] it must explain why facts precluding summary judgment cannot be presented."[11]

In the Tenth Circuit, the nonmovant seeking Rule 56(d) relief must satisfy four requirements: (1) identify the probable facts not available; (2) explain why those facts cannot be currently presented; (3) describe what steps have been taken to obtain such facts; and (4) demonstrate how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.[12] "Unless dilatory or lacking merit, the motion should be liberally treated."[13]

### III. DISCUSSION

Plaintiff supports the Motion with an affidavit of his attorney, Michael J. Watton.[14] The affidavit itemizes the following areas of discovery as both unavailable and necessary for Plaintiff to respond to BYU's Motion for Summary Judgment:

(1) Compliance of subpoenas as to BYU Pathways or its controlling entity/individual.
(2) Compliance of subpoenas as to the Church Education System ("CES") or its controlling entity/individual.
(3) Compliance of subpoena as to The Church of Jesus Christ of Latter-day Saints.
(4) Compliance with Plaintiff's recent demand for document production.
(5) Compliance with Plaintiff's previous demand for document production.
(6) Depositions of Jay Hanson, Carri Jenkins, Shane Reese, Julie Franklin, and Kevin Worthen.
(7) Additional discovery on market alternatives outside of BYU and CES systems.
(8) Completion of Rule 30(b)(6) deposition.
(9) Completion of deposition of BYU's Director of Admission Lori Gardiner.
(10) Disclosures of financial records from BYU, including those regarding amounts of tuition and fees paid by, subsidized on behalf of, or assessed to putative Class Members.

---

[10] Fed. R. Civ. P. 56(d).

[11] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

[12] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (citing *Campbell*, 962 F.2d at 1522).

[13] *Campbell*, 962 F.2d at 1522 (internal quotation marks and citations omitted).

[14] Docket No. 84.

(11) Expert Disclosures, Reports, and Depositions.[15]

To survive BYU's Motion for Summary Judgment, either partially or wholly, Plaintiff must establish that he was damaged by BYU's transition from in-person to online instruction during the Winter 2020 semester.[16] Plaintiff asserts that each of these areas of discovery are necessary to calculate damages and determine liability for BYU students who paid full tuition and/or fees during the Winter 2020 semester.

BYU argues that Plaintiff's "laundry list"[17] of additional discovery does not refute the following undisputed material facts in its Motion for Summary Judgment: (1) BYU charges the same for online and in-person courses and therefore Plaintiff was not damaged by BYU's move to remote instruction in Winter 2020; (2) BYU does not charge and Plaintiff did not pay mandatory fees and therefore Plaintiff is not entitled to any refunds for fees; and (3) BYU provided students instruction, grades, credit, and other services during the Winter 2020 semester and therefore was not unjustly enriched.[18]

However, liberally construed, Plaintiff's Rule 56(d) affidavit explains how these unavailable facts may be relevant to damages. For example, Plaintiff seeks several financial records regarding BYU's tuition and fee structure. Plaintiff also seeks to depose several individuals with information relevant to whether damages occurred. In particular, Plaintiff seeks to depose Shane Reese and Julie Franklin, who allegedly "made the decision on whether

---

[15] Docket No. 83, at 8 (citing Docket No. 84).

[16] *See R4 Constructors, LLC v. InBalance Yoga Corp.*, 2020 UT App 169, ¶¶ 27–28, 480 P.3d 1075 (holding that summary judgment against plaintiff in a contract action is appropriate where plaintiff fails to support the elements of breach of contract, including damages).

[17] Docket No. 95, at 12.

[18] *Id.* at 6.

damages occurred and whether across the board refunds were owed to the students."[19] Plaintiff contends that "Shane Reese's testimony is particularly imperative for merits-based discovery including damages" because she "received an email from a professor which highlighted the fact that damages certainly occurred."[20]

Plaintiff explains that these facts are not currently present because, in reliance on this Court's bifurcated discovery schedule, Plaintiff has only completed the first phase of pre-class certification discovery but not the second phase including merits-based and damages discovery.[21] In addition, Plaintiff claims that even when pre-class certification discovery overlapped with damages discovery, BYU withheld damages and liability information.[22] Plaintiff argues BYU's Rule 30(b)(6) witness allegedly provided incomplete testimony, BYU failed to produce two witnesses for depositions, and BYU's Director of Admissions produced "a partial deposition."[23] Plaintiff indicates that BYU's late response to his document requests in addition to deponents' "limited availability"[24] prevented him from fully responding to BYU's Motion for Summary Judgment in the given time frame.[25]

Plaintiff also explains that he attempted to obtain facts immediately after this Court denied his previous motion to stay. Plaintiff served merits-based and damages discovery requests including two sets of document requests, notices of depositions of material witnesses, and

---

[19] Docket No. 84 ¶ 15.
[20] *Id.* ¶¶ 29–30.
[21] *Id.* ¶ 5.
[22] *Id.* ¶ 13.
[23] Docket No. 83 at 6–7; *see* Docket No. 84 ¶ 6.
[24] Docket No. 84 ¶ 26–27.
[25] *Id.* ¶ 32.

subpoenas on several third parties.[26] Despite these efforts, Plaintiff claims he was still unable to complete sufficient merits-based and damages discovery before the deadline to respond to BYU's Motion for Summary Judgment.[27] With additional time, Plaintiff states he "intends on obtaining and analyzing tuition/fee pricing information, market alternatives information and expert discovery to prove damages."[28]

Based upon the above, the Court finds that Plaintiff has identified probable facts not currently available, explained how those facts could help him rebut BYU's Motion for Summary Judgment, explained the steps he has taken to discover those facts, and demonstrated why additional time is needed.

Lastly, the Court finds that Plaintiff was not dilatory in his discovery efforts. "[I]f the party filing the Rule 56(d) affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment or merely cumulative, no extension will be granted."[29] BYU argues that Plaintiff's failure to timely conduct depositions of material witnesses cannot be a basis to avoid summary judgment.[30] BYU states it provided dates for Plaintiff to depose several material witnesses before Plaintiff's deadline to respond to BYU's motion for summary judgment, but Plaintiff either declined to take depositions, was unavailable to take depositions, or canceled the depositions. Plaintiff's counsel avers that he requested the depositions at the end of August 2021, when this Court denied his initial motion to stay briefing on BYU's Motion for Summary Judgment. BYU provided limited availability for depositions with dates near the end

---

[26] *Id.* ¶ 9.

[27] *Id.* ¶ 10.

[28] *Id.* ¶ 31.

[29] *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (citation omitted).

[30] Docket No. 95, at 9–10.

of September 2021. Plaintiff argues that the dates provided by BYU were unfairly close to his October 1, 2021 deadline to respond to BYU's Motion for Summary Judgment. In sum, Plaintiff appears to have taken reasonable steps to depose material witnesses and the failure to do so does not appear to be due solely to Plaintiff's conduct.

## IV.   CONCLUSION

It is therefore

ORDERED that Plaintiff's Renewed Motion to Stay Briefing on Defendant's Motion for Summary Judgment (Docket No. 83) is GRANTED.

It is further ORDERED that BYU's Motion for Summary Judgment (Docket No. 50) is DENIED without prejudice to its re-filing after the close of merits-based discovery.

DATED this 30th day of November, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge