IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROSCOE EVANS, an individual on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY, a Utah corporation,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION<br><br><br>Case No. 1:20-CV-100-TS-CMR<br><br>District Judge Ted Stewart |

       This matter is before the Court on Plaintiff's Motion for Leave to File Renewed Motion for Class Certification. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

       In response to the onset of the COVID-19 pandemic, colleges and universities across the country transitioned from in-person to online instruction beginning in March 2020. Plaintiff Roscoe Evans filed this putative class action against Defendant Brigham Young University ("BYU") alleging breach of contract and unjust enrichment on behalf of all people who paid tuition and/or fees to BYU during the Winter 2020 semester.

       The Scheduling Order entered in this case set May 7, 2021, as the deadline for Plaintiff to move for class certification. That deadline was later extended to August 2, 2021. On that date, Plaintiff moved to certify the following class:

1

> All persons who paid tuition and/or the Mandatory Fees to attend in-person class(es) during the Winter 2020 term/semester affected by COVID-19 at BYU and had their class(es) moved to online only learning.[1]

BYU objected, arguing *inter alia*, that the proposed definition was not ascertainable. At the hearing on Plaintiff's Motion, the Court alerted Plaintiff that it was "concerned about ascertainability and whether or not this class is identifiable."[2] In response, counsel stated that ascertainability was not "much of a problem."[3] Ultimately, the Court disagreed with counsel's assessment and denied Plaintiff's request for class certification. The Court's order found Plaintiff's proposed class definition unascertainable for two primary reasons: (1) it included "all persons who paid tuition" and BYU had no records of who paid tuition; and (2) it would require the Court to determine whether those payments were made specifically to attend in-person classes.[4]

Plaintiff appealed the Court's denial of his class certification motion. The Tenth Circuit Court of Appeals affirmed this Court's decision. Notably, the Tenth Circuit observed that it was Plaintiff who "drafted the proposed class language," he "could have narrowed his class definition," "he should have drafted his class definition differently" if he wanted his class

---

[1] Docket No. 56, at 2.

[2] Docket No. 129, at 5.

[3] *Id.*

[4] Docket No. 123. Though not included in the Court's prior Order, Plaintiff's proposed class definition failed to meet most of the requirements of Rule 23(a) and (b)(3) and would not have been certified even if ascertainable.

definition to reflect his arguments, and ultimately Plaintiff could not "escape the parameters of his own chosen class definition."[5]

Plaintiff now seeks to "correct the deficiencies with [his] first proposed definition."[6] Because Plaintiff's Motion comes after the deadline in the operative Scheduling Order, he must demonstrate good cause. As will be discussed, he has not.

## II. DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts,'"[7] which means the movant "must provide an adequate explanation for any delay."[8] "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."[9] "If the plaintiff knew of the underlying conduct but simply failed to raise [the] claims, however, the claims are barred."[10]

Plaintiff does little to attempt to show good cause to extend the deadline to file a motion for class certification. While admitting that his "initial definition may have been imprecise,"[11]

---

[5] *Evans v. Brigham Young Univ.*, No. 22-4050, 2023 WL 3262012, at *6, 9 (10th Cir. May 5, 2023).

[6] Docket No. 145, at 1.

[7] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[8] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (internal quotation marks and citation omitted).

[9] *Gorsuch*, 771 F.3d at 1240 (citation omitted).

[10] *Id.*

[11] Docket No. 145, at 9.

Plaintiff spends the bulk of his Motion re-hashing arguments that have already been rejected by this Court and the Tenth Circuit. Plaintiff was on notice that the Court had concerns about the ascertainability of his proposed class definition. Instead of addressing those concerns in the first instance, counsel dismissed them as not "much of a problem."[12] But, as the Tenth Circuit noted, Plaintiff was the "master of his own class definition."[13] As the one who "drafted the proposed class language," the Court declines to permit Plaintiff to "escape the parameters of his own chosen class definition" now that it has been rejected.[14]

Plaintiff argues that "courts routinely permit plaintiffs to renew their motions for class certification with amended class definitions to cure problems identified by the district court."[15] This is not what happened here. Rather than addressing the Court's concerns, Plaintiff downplayed them and doubled down on his class definition. Thus, this is not a situation where a party diligently responded to a court's concerns, and those cases Plaintiff cites are inapposite. Instead, the Court agrees with those courts that have denied requests to modify a scheduling order where the only reason to do so is because the court rejected a prior motion for class certification.[16] This approach incentivizes "parties to put their best foot forward at the outset and

---

[12] Docket No. 129, at 5.

[13] *Evans*, No. 22-4050, 2023 WL 3262012, at *6.

[14] *Id.*

[15] Docket No. 154, at 4.

[16] *Siino v. Foresters Life Ins. & Annuity Co.*. No. 20-cv-02904-JST, 2022 WL 20184654, at *2 (N.D. Cal. July 26, 2022) (finding no good cause where the plaintiff sought "to modify the scheduling order to correct the legal errors that led the Court to deny her original motion for class certification"); *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00035-VAP(KSX), 2020 WL 7314794, at *3 (C.D. Cal. Nov. 30, 2020) ("Plaintiffs do not identify any new evidence or legal theories of which they were not previously aware at no fault of their own. Instead, the only reason for the requested modification is because the Court denied Plaintiffs'

avoiding costly delays to the proceedings."[17] Having failed to do so, the Court declines to permit a second bite at the apple.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Renewed Motion for Class Certification (Docket No. 145) is DENIED. The parties are directed to submit a proposed scheduling order to resolve his individual claims within fourteen (14) days of this Order.

DATED this 13th day of November, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

motion for class certification. This is insufficient."); *Gustafson v. BAC Home Loans Servicing, LP*, No. 8:11-cv-00915-JLS-AN, 2014 WL 10988335, at *2 (C.D. Cal. Feb. 5, 2014) ("Plaintiffs do not identify any new evidence or legal theories of which they were not previously aware. Instead, the only reason for the requested modification is that the Court denied Plaintiffs' motion for class certification. This, by itself, is not a basis for good cause, and the Motion is therefore denied."); *Ruppert ex rel. Fairmount Park, Inc. Ret. Sav. Plan v. Principal Life Ins. Co.*, No. 4:07-cv-00344-JAJ-TJS, 2010 WL 11613983, at *4–5 (S.D. Iowa Mar. 31, 2010) (noting that it was within the court's discretion to grant leave to file a second motion for class certification, but ultimately finding the plaintiff failed to show good cause under Rule 16(b)(4)); *Ortiz v. McNeil-PPC, Inc.*, No. 07cv678-MMA(CAB), 2009 WL 1322962, at *3 (S.D. Cal. May 8, 2009) (finding no good cause where "[p]laintiffs waited until after this Court denied their motion for class certification to seek amendment in order to change the class definition and pursue a second attempt at class certification.").

[17] 3 W. Rubenstein et al., Newberg on Class Actions § 7.35 (6th ed.).